KETTLETAS *against* FLEET.

A contract for the sale of a slave, for life, may be rescinded by the vendee, if it appears that the vendor has bound himself, under seal, to manumit the slave after a certain period. And this, although the vendee may have heard, previous to the sale, that a promise to manumit had been made by the vendor.

Evidence of the slave's forfeiture of his right to manumission, is inadmissible, between vendor and vendee.

ASSUMPSIT, for 100*l.*, the price of a slave sold to the defendant by the plaintiff.

Plea, the general issue, with special notice of the matter of the defence.

The defendant, under the special notice, offered to prove, that in the year 1806, the slave was sold to him for life; that in 1804, previous to the sale, the plaintiff had executed, under his seal, a certain covenant, by which he bound himself to manumit the slave after the expiration of eight years, if, during that time, he conducted himself faithfully; that as soon as this covenant came to his knowledge, he tendered the slave to the plaintiff, who refused to receive him. The plaintiff's counsel objected to this defence, and contended that the defendant ought to show that he had been damnified by the plaintiff's covenant. They also offered to give the defendant a bill of sale, with full covenants of warranty, &c.

VAN NESS, J. The plaintiff had a right to transfer the slave for six years, at least.

Kettletas v. Fleet.

The defendant's counsel contended that, in this action, the plaintiff was seeking a specific performance of the original contract, and the question, under the defence, was, whether the court would compel the defendant to complete that contract. On this subject, this court and the court of chancery act on the same principles. A person might sell a fee-simple in real estate; he might have some title, a lease for life, for years, or a conditional fee, or an estate subject to incumbrances; all these might be guarded by covenants; still the court would not compel the party to execute the contract, under such circumstances, and leave him to resort to his covenants.

The counsel further remarked, in answer to the judge's suggestion. That the contract was entire, and not divisible, and, therefore, could not be good for part, and void for part. 3 D. & E. 92; Selw. Ni. Pri. 47. In this case, also, the fraud on the part of the plaintiff, in concealing the de-defect of title, vitiates the whole.

The court admitted the evidence, and the defendant proved the facts as stated.

The plaintiff then offered to prove that the slave had forfeited his right to manumission, under that covenant. But the court overruled the testimony.

VAN NESS, J. The decision, on this collateral point, would neither be obligatory on the slave, nor on the parties to this suit; the inquiry, therefore, is inadmissible.

The plaintiff then proved that the defendant, at the time of the purchase, knew that the plaintiff had made a

promise to manumit the slave after eight years' faithful service. But it was not proved that the defendant knew that he made this promise solemnly under his seal.

VAN NESS, J.   The only question in this case is, whether the defendant purchased the plaintiff's right and title, merely, or whether he purchased the slave for life.   If the defendant purchased the slave for life, then, as every sale of a chattel contains an implied warranty of title, the plaintiff is not in a situation to complete the contract on his part.

If, at the time of the sale, the defendant had known that a covenant to manumit had been solemnly executed, in the manner the witnesses have stated, then the purchase would have been a purchase of right and title only.   But all that does appear from the testimony, is his knowledge of a verbal promise to manumit; this, being a mere voluntary promise, would not have been obligatory in the law on the plaintiff, and the defendant would have been entitled to the services of the slave for life, notwithstanding.   I am of opinion that the defendant had a right, under the circumstances of the case, to rescind the contract.(1)

Verdict for the defendant.

*Bogardus* and *Wilkins*, for the plaintiff.

*Baldwin* and *Emmet*, for the defendant.

(1) This cause came before the court in February term, 1811, on a case made; (7 Johns. 324;) and the plaintiff moved for a new trial, on four grounds:

1st. That the covenant to manumit was not obligatory, being a mere declaration of intention.

Kettletas v. Fleet.

2d. That, as the sale had been carried into execution, the defendant could not resist the payment of the price, on the ground of the pretended fraud.

3d. That the defendant had notice of the contract, at or before the sale.

4th. That the plaintiff ought to have been permitted to show the condition broken.

But all these points were decided against the plaintiff, and a new trial refused. As to the first point, the court held the covenant obligatory; that a manumission does not rest on the principles of a contract, depending on a consideration, but is an act of benevolence, sanctioned by the statute, and made obligatory, if in writing. Upon the second point, the court said, the law seems now settled, that if a man sells a different interest from that which he pretends, and especially if the contract be founded in ignorance and fraud, the purchaser of a chattel may return the chattel, if he does it immediately on the discovery of the imposition, and thereby rescind the sale. The third point the court considered as disposed of by the jury, and that the fraudulent concealment of the fact, at the time of the sale, vacated the contract. And, as to the fourth point, they decided that the question, as to the performance or breach of the condition, could not be tried in a suit between these parties, and if it had been tried, it would not have concluded the negro.

In the case of Tom, a negro man, (5 Johns. 365,) the master had given the slave a certificate, declaring him manumitted from and after the death of the master; the master afterwards sold him as a slave, and died; but the court held that he was manumitted.

Previous to the statute of 8th April, 1801, (sec. 24, c. 188,) a parol manumission was sufficient. *Wells* v. *Lane*, 9 Johns. 144. But since the passing of that act, some certificate or instrument in writing is necessary. This statute authorizes a manumission "by last will and testament, or by any certificate in writing for that purpose."